IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VERA WILSON, | ) | CASE NO. 05-80629-G3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |
| AAMES CAPITAL CORPORATION, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VERA WILSON AND WILLIAM E. | ) | |
| HEITKAMP, CHAPTER 13 TRUSTEE, | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION

The court has heard the Motion of Aames Capital Corporation for Relief from the Automatic Stay (Docket No. 16) and after review of the pleadings, response (Docket No. 18) and reply thereto (Docket No. 19), docket sheet, file in the above captioned proceeding, evidence and argument of counsel, the court renders the following Findings of Fact and Conclusions of Law and lifts the automatic stay. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Findings of Fact

1. On March 8, 2005, Vera Wilson ("Debtor") filed a voluntary bankruptcy petition under Chapter 13. Docket No. 1.

2. Aames Capital Corporation ("Aames") filed its Motion for Relief from the Automatic Stay seeking relief to exercise rights to foreclose its lien on Debtor's property, 2405 Rosewood Street, Houston, Texas, 77004 ("property"). Aames asserts that it secured a valid lien on the property on or about June 15, 1999. Aames' Exhibit Nos. A and B.

3. Aames moves to lift the automatic stay on the basis that Debtor has failed to provide adequate protection, no equity exists in the property, and the property is not necessary for an effective reorganization.

4. Debtor claims the property as her homestead and claims it is exempt. Debtor has defaulted on the note and as of March 8, 2005, her pre-petition arrearage was $70,876.39. The total payoff amount of the note is $143,803.73. Docket No. 22. At the time the petition was filed, on March 8, 2005, there had been no payments made since July 1, 2002. Docket No. 22.

5. Debtor opposes lifting of the stay claiming that Aames lacks standing. Debtor claims that the loan was made by One Stop Mortgage, not Aames. Debtor also claims that Aames is not a corporation recognized in the state of Texas and therefore may not bring this claim to exercise control over Texas property.

6. The affidavit of Aames' Bankruptcy Officer, Frank Abouzeide, states that the note and the lien securing payment of that note are legally owned by Aames. One Stop Mortgage is listed as the lender for the loan, but the loan documents provide language

which dictates the payments on the loan be made to Aames "without recourse."  Docket No. 22, Aames' Exhibit No. A.  Additionally, Aames is not required to be a registered corporation in this state. The Texas Business Corporations Act provides that neither the act of acquiring security interests in real property nor maintaining a lawsuit related to such interest constitutes a business transaction and therefore Aames is not required to be registered in Texas. Tex. Bus. Corp. Act. Art. 8.01.  Accordingly, the court finds that Aames has standing.

7. Debtor contests the validity of Aames' lien and alleges that numerous defects exist, rendering the lien avoidable. The alleged defects include ambiguities regarding the actual date of closing and whether Aames complied with various Truth-in-Lending requirements.  The court has considered the fact that Debtor claims that the lien is avoidable. However, hearings to determine whether the automatic stay should be lifted are limited in scope and do not include a merit determination of lien validity.  *In re Mathis,* 64 B.R. 279 (N.D. Tex. 1986).

8. Debtor's Schedule A, Real Property, reflects that the value of the property is $50,000. Docket No. 9.  However, Debtor submitted a copy of the 2004 valuation from the Harris County Appraisal District ("HCAD") showing that the appraised value of the property was $107,300.  Debtor's Exhibit No. 4.  Aames submitted a copy of the "Fair Market Value Acknowledgment" signed by Debtor at

the time the loan was made.  This loan document values the property at $155,000.  Aames' Exhibit D.  The court takes judicial notice of the 2005 records of the HCAD reflecting that the value of the property is $162,200.  As the total payoff amount is $143,803, the court finds that Debtor has equity in the property.

        9.   Although equity exists in the property, the court finds that this equity alone does not provide Aames with adequate protection.  Debtor's proposed plan does not include any payments to be made to Aames and states that Aames' lien is to be avoided.  Docket No. 8.  Debtor's total monthly income is $1135.00 and, after expenses, she has $130 per month as disposable income to fund her plan.  The monthly note payable to Aames is $1,107.80; this does not include any payment on the arrears. Debtor has failed to make payments on the property since July 2002.  The pre-petition arrears are greater than $70,000.00.  The court finds that Debtor's schedules and proposed plan do not reflect that Debtor has sufficient resources to provide adequate protection to Aames.  Docket Nos. 8 and 9.  Accordingly, the court lifts the automatic stay.

<u>Conclusions of Law</u>

        1.   Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

3. When a creditor seeks relief from stay in order to foreclose on property, the creditor has the burden of establishing the Debtor's lack of equity in the property. The Debtor has the burden on all other issues. <u>Matter of Canal Place Ltd. Partnership</u>, 921 F.2d 569 (5th Cir. 1991).

4. Adequate protection is required to protect an entity's interest in property. *See* 3 Collier's on Bankruptcy ¶ 361.02[2] (Alan N Resnick & Henry J. Sommer eds., 15th ed. rev.). Debtor has lived on the property without making a payment to Aames for over three years.

5. The power to modify or vacate the automatic stay is exercised by a bankruptcy court according to the particular circumstances of the case and is to be guided by considerations that under the law make for ascertainment of what is just to the claimants, the Debtor, and the estate. *Foust v. Munson Steamship Lines,* 299 U.S. 77 (1936); *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr. Okl.1985); *In re Mego Inter., Inc.*, 28 B. R. 324 (Bankr.

S.D.N.Y. 1983).

      6. The purpose of a stay hearing is not to litigate the validity of the underlying lien. *In re Mathis,* 64 B.R. 279 (N.D. Tex. 1986). While a section 362 hearing permits some examination of this issue, it is not the proper time to consider extensive litigation on counterclaims. *See* 3 Collier's on Bankruptcy ¶ 363.05[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). The claims raised by Debtor as to lien validity are outside the scope of a hearing to determine whether to lift the automatic stay. These claims are more properly raised and determined through a separate suit in state court or in a Bankruptcy adversary proceeding.

      Based on the foregoing, the court will enter a separate Judgment in conjunction herewith, lifting the automatic stay to allow Aames to pursue any and all rights and remedies it may have under state law.

      SIGNED at Houston, Texas on this 9th day of August, 2005.

*/s/ Letitia Z. Clark*
HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE